IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    v.

JAMAR COOK,

          Defendant.

NO. 13-cr-298

# ORDER

**AND NOW**, this 27th day of January 2014, upon consideration of Defendant's First Motion to Exclude (Doc. No. 53), Defendant's First Motion to Exclude Pharmacy Signature Logs (Doc. No 54), Defendant's Motion to Dismiss the Indictment (Doc. No. 55), the Government's Response to these Motions (Doc. No. 56), and Defendant's Reply (Doc. No. 64), it is **ORDERED** that Defendant's First Motion to Exclude (Doc. No. 53) and Defendant's First Motion to Exclude Pharmacy Signature Logs (Doc. No 54) are **DENIED WITHOUT PREJUDICE**, and Defendant's Motion to Dismiss the Indictment (Doc. No. 55) is **DENIED**.[1]

---

[1] In the First Motion to Exclude, Defendant seeks to exclude testimony regarding the telephone number on pharmacy signature logs. (Doc. No. 53.) Defendant asserts that telephone subscriber records show that he was not the subscriber of the telephone number on the logs, and for this reason the Government cannot connect him to it. The Government submits, however, that it will present sufficient evidence to link Defendant to the telephone number and telephone records. Accordingly, the First Motion to Exclude will be denied without prejudice and subject to reconsideration should the Government at trial fail to prove the connection.

In the First Motion to Exclude Pharmacy Signature Logs, Defendant seeks to exclude any and all pharmacy signature logs, which were obtained from Amigos Pharmacy, Broad & Lehigh Pharmacy, and Broad & Grange Pharmacy. (Doc. No. 54.) Defendant argues that the Government will not be able to properly authenticate the signature logs pursuant to Federal Rule of Evidence 901(a)(1) because at least two representatives of the pharmacy have expressed their intent to assert their Fifth Amendment right against self-incrimination. The Government intends, however, to introduce certifications executed by records custodians or other employees of the pharmacies to authenticate the signature logs, which the Government contends will comply with Federal Rule of Evidence 902(11). Accordingly, the First Motion to Exclude Pharmacy

Signature Logs will be denied without prejudice, again subject to the Government at trial introducing the required foundational evidence.

Finally, in the Motion to Dismiss the Indictment, Defendant asserts that the two motions to exclude evidence establish that the Government will be unable to prove the allegations in the Indictment.  (Doc. No. 55.)  In light of the evidence the Government plans to introduce, it is inappropriate for the Court to dismiss the indictment at this time.  Therefore, Defendant's Motion to Dismiss the Indictment will be denied.

BY THE COURT:


<u>/s/ Joel H. Slomsky</u>
JOEL H. SLOMSKY, J.